By the Court.

In the year 1795, the Baron de Carondelet, then governor of Louisiana for the king of Spain, granted to Henry Metzinger, the appellee, a lot of ground, situated in the city of New-Orleans close to the levee. The grant is a complete one and has been recognised on the part of the United States by their commissioners.
But the appellants contend that the spot on which it is located is part of the public highway, arid, therefore, could not have been lawfully grant, ed for private use, even by the king himself.
That public places, such as roads and streets, cannot be appropriated to private use, is one of those principles of public law, which required not the support of much argument. Nor is there any doubt that if, by a stretch of arbitrary power, the preceding government had given away such places to individuals, such grants might be declared void.
But is this grant located in a street or on the public road ? On this important question of fact, the evidence, produced by the appellant, is by no means satisfactory. They show that, according to general usage in this country, the public road in front of the river is close to the levee. But could there be no derogation from that usage ? Was that usage observed within the city of 3S|ew. Orleans ? Does not the convenience of placing markets and other public places, as near the tfater *304 as possible, as it is recommended by a law of the Indies (the 5th of the 7th title of the 4th book, vol. 2d.) make it necessary to deviate from such usages in cities ? -,
General usage, however, is the only ground on which the appellants rest their pretension. No plan of the city has been exhibited to show that the lot of the appellee is located upon a place which had been reserved for public use : no testimony has Ireen adduced to prove that this spot is part of the ground laid out for,the public road. We are called upon to declare this grant, void, merely because the general usage of. the country is to place the road next to the levee.
W e do think, however, that to oust the grantee and possessor of this lot something more precise thap this vague and uncertain evidence is necessary; and we do accordingly adjudge and decree that the judgment of the district court be affirmed with costs.